**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CESAR AMEZCUA REYES, ) <br> ) <br>       **Petitioner**, ) <br> ) <br>     v. ) <br> ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br>       **Respondent.** ) <br> ) <br> _____) | CV F 03-6734 AWI <br> (CR F 02-5322 AWI) <br><br> **ORDER DIRECTING RESPONDENT UNITED STATES TO SHOW CAUSE WHY PETITIONER'S MOTION PURSUANT TO 28 U.S.C., SECTION 2255 SHOULD NOT BE GRANTED** <br><br> **(28 U.S.C. § 2255)** |

On October 27, 2005, the court issued an order to show cause why the motion of Caesar Amezcua-Reyes ("Reyes") to amend his sentence pursuant to 28 U.S.C., section 2255 should not be granted. Following the grant of a motion for extension of time, the United States filed its response to the order to show cause on February 25, 2006.

**FACTUAL AND PROCEDURAL HISTORY, AND LEGAL STANDARD**

The court's order to show cause sets forth the factual and procedural history of this case and need not be repeated here. Likewise, the legal standard applicable to motions pursuant to 28 U.S.C., section 2255 was set forth in the court's order to show cause and is incorporated here by reference.

**DISCUSSION**

In its order to show cause, the court focused primarily on the validity Petitioner's

conviction of the first of two counts alleging unlawful entry into the United States. The court concluded that it is probable that Petitioner's conviction on the first of the two counts of illegal entry must be vacated. This conclusion rests on four underlying determinations. First, the court determined that the acts alleged and admitted to by Petitioner in the plea agreement with regard to the first alleged illegal entry do not, in fact, constitute a violation of the statute charged. Simply put, the court determined that a child of seven years who not a citizen of this country and who is brought to the United States by his parents does not commit the crime of illegal entry regardless of whether his parents' entry was lawful. Second, the court determined the application of criminal sanction for acts that do not amount to a crime is an error of constitutional dimensions because the court lacks jurisdiction to impose such sanctions without a finding of criminal conduct. Third, the court determined that this circuit has held that "'constitutional claims may be raised in collateral proceedings even if the defendant failed to pursue them on appeal.' [Citations.]" English v. U.S., 42 F.3d 473, 479 (9th Cir. 1994). Finally, the court determined Petitioner's waiver of right of appeal or to collaterally attack his sentence as set forth in plea agreement does not incorporate waiver of right to challenge the court's jurisdiction to impose a term of imprisonment for conduct that does not amount to a crime. Thus, by implication, the court determined Petitioner's motion pursuant to section 2255 does not constitute a breach of the plea agreement.

      Government's response the court's order to show cause fails to address any of the bases for the court's determination that Reyes' conviction and sentence as to the first count of illegal entry is constitutionally infirm. Rather, Government's response to the order to show cause focuses on the issue of unfairness that Government contends arises as a result of the fact Petitioner has been released from custody and has apparently been deported to Mexico where he is no longer available.

      Government argues that unfairness against Government will be manifest in a number of ways should the court grant Petitioner's motion to vacate or correct the sentence. First,

Government contends unfairness arises because the case came to Government's attention very shortly before Petitioner's release, and Government did not have the opportunity to depose Petitioner. Government alleges Petitioner was subsequently deported from the country and is no longer available. Government states that, in the event of a challenge to a conviction based on ineffective assistance of counsel, it routinely deposes both the Petitioner and his or her counsel. Government argues that Petitioner's unavailability deprives it of the opportunity to adequately defending its conviction that was the product of a negotiated plea agreement.

In a similar vein, Government alleges vacating Petitioner's sentence would be unfair to government because Petitioner's counsel has refused to submit to deposition, absent an order from this court. Again, Government contends unfairness arises from the inability of Government to build a record to defend the conviction against Plaintiff's underlying claim of ineffective assistance of counsel.

Third, Government contends Petitioner's challenge to his conviction is a breach of the plea agreement, an agreement that provided substantial benefit to Petitioner from his waiver of right to collaterally attack his sentence. Government contends it is unfair that Petitioner receive the benefit of his promise to not collaterally attack his sentence after breaching that promise while Government is without ability to respond to the collateral attack due to Petitioner's absence.

The court understands that Government may consider vacating or amending Petitioner's sentence unfair in light of the bargained-for promise to not collaterally attack the sentence. Nonetheless, the court's primary concern is its own jurisdiction and the constitutional infirmity that is implicated when innocent, non-criminal acts are punished by the imposition of criminal sanction. Given that the court's order to show cause clearly framed its concerns in the context of jurisdictional and constitutional infirmities, the court must conclude that Government's complete failure to address these concerns indicates that Government, like the court, cannot conceive of any way that a seven-year-old child can be convicted of illegal entry or that the court could

possibly have jurisdiction to impose criminal sanction based on admission of such an act.

The crux of Government's claim of unfairness is that, because of Petitioner's non-availability, there is no opportunity for government to defend the conviction by examination of both Petitioner and his counsel to demonstrate there was no ineffective assistance of counsel. Government's concerns about unfairness miss the point in two important respects.

First, as far as the conviction on the first count of illegal entry at age seven goes, no amount of record-building can save the conviction because the acts charged in count one simply do not constitute a crime. If the acts charged in count one and admitted to by Petitioner could possibly be construed to describe a criminal act, the court is confident Government would have pointed out how to the court and the matter would be at an end without any concerns of unfairness.

Although Petitioner's motion pursuant to section 2255 formally alleges ineffective assistance of counsel, Government's focus on the formal ground of the motion is misplaced here. The problem the court faces is jurisdictional and constitutional. It really does not matter whether Petitioner's counsel was effective or not in advising his client to enter into the plea agreement. The problem is the court has no jurisdiction to impose the agreed-upon sentence based on the agreed-upon charge of illegal entry, supported by the admitted fact of entry without permission at the age of seven. The court lacks jurisdiction to impose the agreed-upon sentence because the admitted facts – that Petitioner, then a non-citizen minor child, entered the United States without the permission of relevant authority – is not a crime so far as the court can discern.

If Government is to defend the conviction, then the necessary starting point is to show that the facts admitted as the basis for Petitioner's conviction on the first count constitute a crime. No deposition taking is necessary to accomplish this. Given that this concern was clearly set forth in the order to show cause and was not responded to by Government, the court must assume Government does not see how the alleged facts can constitute a crime, either.

Second, the fact that Petitioner has served the sentence imposed leads the court to

4

conclude that the unfairness that Government complains of is not nearly so onerous as Government makes out.  What the court presumes Government would seek to accomplish were it able to depose both Petitioner and his counsel, is the establishment of an alternative set of charges that would support the sentence imposed.  In other words, what Government is really aiming at here is the defense of the sentence, not necessarily the defense of the conviction.

Presumably the sentence imposed by the plea agreement represents a sentence considered appropriate by Government in consideration of all relevant facts.  While it is true the bargain included a promise not to collaterally attack the sentence, there is really no basis for the Government to feel there is any substantial injustice in vacating the sentence or the first count of conviction.  As the court understands it, Petitioner has served the sentence Government had bargained for.  As the court explained in its order to show cause, jurisdictional or constitutional defects in sentencing are not waived.  Thus, there was no formal breach of the plea agreement.  Further, neither the court nor the Government have any legitimate interest in the defense of a sentence imposed to punish non-criminal behavior, and therefore have no reason to complain when such an error is pointed out.

There undoubtably exists some remotely possible set of future events in which Petitioner's felony conviction for illegal reentry could be an important component of the calculation of Petitioner's criminal history, should that calculation be necessary in some future criminal action.  The court must conclude that the Government's lack of opportunity to build a record that preserves a felony conviction is unfair only in the sense that it may have some effect on Government's ability to seek what it would deem to be an appropriate sentence in the event Petitioner is again before the court in a criminal case.  However, the court notes that Government's allegations and comments regarding the sentence imposed in this case implies the crimes charged in the current case were selected from among others that could have been charged to produce the sentence the parties agreed was appropriate.  In the hopefully remote chance Petitioner is ever before this or some other court in the future, the court presumes Government

will be able to exercise its discretion to the extent necessary to achieve a result that is appropriate.

Government contends that the court should deny Petitioner's motion because Petitioner has been released from custody and correction or amendment of Petitioner's sentence is now moot. The court disagrees. As suggested by the foregoing discussion, whether Petitioner is subjected to a sentence of 48 months for conviction of 2 felony counts of unlawful entry or whether Petitioner is sentenced to 6 months for conviction on a single misdemeanor count of unlawful entry has ongoing relevance to any potential sentence that may be imposed in the future by this or any other court that takes into account Petitioner's criminal history in the calculation of an appropriate sentence. Further, as previously discussed by the court in the order to show cause, the conviction of a defendant for conduct that is not criminal is an error of constitutional dimensions. See Buggs v. U.S., 153 F.3d 439, 444 (7th Cir. 1998) ("conviction for engaging in conduct that the law does not make criminal is a denial of due process"). Where a criminal sanction is imposed by a court in clear violation of due process, the integrity of the judiciary and the public's perception thereof is implicated. The doctrine of mootness does not apply where the integrity of the court is implicated. See In re: Bellsouth Corp., 334 F.3d 941, 951 (11th Cir. 2003).

Government also contends Petitioner's motion should be dismissed for failure to prosecute. The court cannot dismiss for failure to prosecute where there is no further showing that is required of Petitioner to sustain his claim. As a result of Petitioner's motion, the court determined, based on information contained in court records, that one count of conviction is constitutionally infirm and cannot be maintained. There is nothing further for Petitioner to plead or prove. Indeed, if the documents both Government and the court relied upon state that Petitioner was seven years of age at the time of the first alleged unlawful entry, it is Government's burden to show either that the facts in documents Government relied upon are wrong or that a conviction for unlawful entry can be legally sustained on the facts presented.

Since Government has done neither, there is no burden of proof or production that shifts back to Petitioner. The court cannot find Petitioner has failed to prosecute his case if there is nothing further Petitioner needs to do to prosecute his case.

Finally, Government requests that if the court cannot dismiss Petitioner's motion on any of the grounds argued, that the court hold the case in abeyance until such time as the Petitioner may again be before the court. The court declines this resolution. As discussed above, the court is faced with an unconstitutional conviction and sentence. To correct the apparent error in the absence of Petitioner works little, if any, unfairness on Government and relieves the court of the burden of maintaining and tracking a case into an indefinite future when its resources are already stretched thin. The court is of the opinion it is better to fix the error now and deal with whatever minor impediments may befall government when they occur, if ever.

**REMEDY**

The terms of 28 U.S.C., section 2255 directly empower courts to "vacate, set aside or correct the sentence." By implication, this authority incorporates the authority of courts to vacate a judgment of conviction were justice demands. See Gaxiola v. United States, 481 F.2d 383, 384 n1 (9th cir. 1973) (motion to vacate judgment properly treated by District Court as a motion for relief under section 2255). If the effect of any adjustment to the sentence or judgment of conviction is to reduce, rather than increase or change the terms of the sentence, Petitioner's presence is not required. Fournier v. United States, 485 F.2d 130, 131 (5th Cir. 1973). Because the court has found that Petitioner's conviction on the first count of illegal entry is not constitutional, and because Government has not put forward any argument that would support the constitutionally of the conviction, the court concludes it is with authority to herewith correct the sentence without further argument and without Petitioner's presence. Because the first judgment of conviction must be vacated, the facts of the case only support conviction of misdemeanor illegal entry as to the second count of illegal entry.

THEREFORE, in consideration of the foregoing discussion, it is hereby ORDERED that:

1. Petitioner's judgment of conviction of illegal entry in violation of 8 U.S.C., section 1325(a)(1) as set forth in count one of the Superceding Information, is hereby VACATED.
2. Petitioner judgment of conviction of illegal entry in violation of 8 U.S.C., section 1325(a)(1) as set forth in count two of the Superceding Information is hereby AMENDED to reflect conviction of MISDEMEANOR violation of that statute.
3. Petitioner's sentence of 48 months custody is hereby CORRECTED to reflect the sentence of SIX MONTHS CONFINEMENT.
4. All provisions pertaining to terms of supervised release formerly imposed by the judgment entered by this court on November 13, 2003, are hereby VACATED.
5. The Clerk of the Court shall enter an amended judgment pursuant to this order.

IT IS SO ORDERED.

**Dated:   September 22, 2006**               /s/ Anthony W. Ishii
0m8i78                                          UNITED STATES DISTRICT JUDGE

8